UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SALINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CORNWELL QUALITY TOOLS COMPANY,<br><br>　　　　Defendant. | Case No. 5:19-cv-02275-FLA (SPx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND SERVICE AWARD [DKT. 178]** |

　　Before the court is Plaintiff Randy Salinas' ("Plaintiff") motion for attorney's fees, costs, and a service award ("Motion"), filed May 24, 2024.  Dkt. 178.  On August 9, 2024, the court held a final fairness hearing on the settlement reached in this matter, at which all named parties were represented by counsel of record.  Based on the papers and arguments of counsel at the hearing, and for the reasons stated herein, the court GRANTS IN PART the Motion.

**I.　ATTORNEY'S FEES**

　　**A.　The Requested Percentage of the Fund**

　　When contingency fee litigation produces a common fund, it is appropriate to calculate a reasonable fee by awarding a percentage of the total fund.  *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ("[U]nder the percentage

method, the court simply awards the attorneys a percentage of the fund[.]") (internal citation omitted); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."). The Ninth Circuit has consistently awarded attorney's fees under the common fund method, reasoning "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton,* 327 F.3d at 967.

Under the percentage-of-the-fund method, the court compares the fee recovery against the total settlement value. Courts typically award as attorney's fees 25–30% of the total settlement value. *See, e.g., Sypherd v. Lazy Dog Restaurants, LLC*, 2023 WL 1931319, at *4 (C.D. Cal. Feb. 10, 2023); *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

Here, Plaintiff requests an award of $1,650,000, which is 30% of the common fund settlement of $5,500,000. Class Counsel obtained favorable results for the class members. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (when considering reasonable attorney's fees, "the most critical factor is the degree of success obtained"). The total value of the settlement is $5.5 million, and individual settlement payments to class members have an average net cash value of nearly $30,000 each. The settlement, thus, compares favorably with other approved wage-and-hour class-action settlements—including independent contractor misclassification cases—in the Ninth Circuit.

Further, the settlement was negotiated after a concerted effort to certify the class (Dkt. 162) and against the backdrop of multiple procedural and merits challenges confronting Plaintiff. For example, Plaintiff survived a challenge to compel his claims to individual arbitration. Dkt. 23. Plaintiff also overcame substantial discovery obstacles. *See, e.g.*, Dkts. 34, 38, 46 (orders granting motions

to compel by Plaintiff). Additionally, Class Counsel undertook risk in pursuing recovery for the class members, as Class Counsel handled this case on a contingent basis and, therefore, prosecuted this action with no guarantee of compensation. Last, after substantial litigation, the case settled only months away from trial.

Accordingly, attorney's fees are merited in the action. However, the court finds that 25% of the common fund settlement or $1.375 million is fair, reasonable, and justified based on the circumstances of the case and the applicable lodestar.

**B.    Twenty-Five Percent Is Reasonable Based on a Lodestar Cross-Check**

Courts may "cross-check" the percentage of the common fund against the lodestar to ensure reasonableness of the fee award. *Glass v. UBS Fin. Servs., Inc.*, 331 Fed. App'x 452, 456 (9th Cir. 2009) (approving the district court's "informal lodestar cross-check" for confirming the reasonableness of the percentage award). The goal of both the lodestar and percentage-of-the-fund methods is to determine a reasonable fee that is consistent with market rates. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."). A "lodestar" calculation multiplies the number of hours reasonably expended on the litigation by counsel's reasonable hourly rates, depending on the region and the experience of the lawyer. *In re Bluetooth*, 654 F.3d at 941.

Attorney's fees in the amount of $1.375 million is supported by a lodestar cross-check. Class Counsel submitted a billing summary reflecting that Class Counsel's lodestar through the time of moving for fees, costs, and service award totals $1,264,275. This equates to a requested "multiplier" of 1.09 compared with the request for fees. A 1.09 multiplier is reasonable given Class Counsel's favorable result for the Class, obtained after years of litigation undertaken on a contingency basis without any certainty that any recovery would ever be achieved.

Moreover, it is consistent with multipliers regularly awarded by this court and in this Circuit. *See Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("Although this [6.85x] multiplier is higher than those in many common fund cases … it still falls well within the range of multipliers that courts have allowed[.]").

Class Counsel's hourly rates are reasonable given their experience, expertise, and the prevailing rates for attorneys performing similar work. Further, the hours recorded by Class Counsel are reasonable. Class Counsel spent over 2,400 hours litigating this action, including communicating with plaintiff and the class, document review, written discovery, nearly 20 depositions, various pleadings and related filings, working with expert witnesses to estimate class-wide damages and challenge Defendant's expert, court appearances, litigation strategy and analysis, and settlement-related efforts, among other tasks necessary to this litigation. *See* Dkt. 182. The hours recorded by Class Counsel were reasonable and necessary to the litigation of the case, particularly in light of the duration of the action and the result obtained for the class.

Accordingly, the court GRANTS attorney's fees in the amount of $1,375,000.

## II.   CLASS COUNSEL'S REQUESTS FOR REIMBURSEMENT OF COSTS IS REASONABLE

"Class counsel is entitled to reimbursement of reasonable expenses." Fed. R. Civ. P. 23(h); *see, e.g., Greko v. Diesel U.S.A., Inc.*, Case No. 10-cv-02576-NC, 2013 WL 1789602, at *12 (N.D. Cal. Apr. 26, 2013) (approving reasonable costs in class action settlement); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (same). Class Counsel have submitted a cost summary indicating that they have incurred out-of-pocket costs in the amount of $119,596.65 during this litigation. *See* Dkt. 182 at 2. These costs include mediation fees, expert witness fees, filing fees, service charges, copying and printing fees, the costs of taking depositions and preparing transcripts, and other related expenses. These

costs were reasonable and necessary to the successful prosecution of this action. The court, therefore, GRANTS Class Counsel's request for reimbursement in the amount of $119,596.65.

### III. THE REQUESTED SERVICE AWARD IS REASONABLE

In the Ninth Circuit, "[i]ncentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958–59. In evaluating a request for a service award for a class representative, courts consider all "relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions … the amount of time and effort the plaintiff expended in pursuing the litigation … and reasonable fears of workplace retaliation." *Staton*, 327 F.3d at 977 (internal citation omitted).

The proposed service award is reasonable and appropriate. Plaintiff assisted substantially in the litigation of this case, including by responding to multiple rounds of discovery, gathering relevant documents, working with counsel to draft a complaint that accurately depicted Defendant's business model, sitting for a full-day deposition, making himself available during the two full day mediations, and otherwise remaining actively engaged with counsel throughout this case. He is also signing a broader release of claims and risks future reputational injury with employers by putting his name on a public class action.

In addition, the service award is proportional to the range of possible awards under the Settlement and the total Settlement amount. *See Staton*, 327 F.3d at 976–77 (the court must balance "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment"); *Wren v. RGIS Inventory Specialists*, Case No. 06-cv-05778-

JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) (comparing amount of incentive payments to total settlement fund).  In this case, individual settlement payments have an average net cash value of nearly $30,000 each.  The service award ($15,000) is only half the amount of this average recovery, constituting 0.27% of the $5.5 million recovered.  This is fair and reasonable.

In sum, the requested service award is appropriate and justified as part of the overall settlement.  The court, thus, GRANTS a service award of $15,000.

## IV.    CONCLUSION

Based on the foregoing, the court ORDERS as follows:

1. The court AWARDS $1,375,000 in attorney's fees to Class Counsel.
2. The court GRANTS Class Counsel's request for reimbursement of out-of-pocket litigation costs in the amount of $119,596.65.
3. The court GRANTS Plaintiff's request for a service award of $15,000.

IT IS SO ORDERED.

Dated: September 23, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge