JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SALINAS,<br><br>           Plaintiff,<br><br>      v.<br><br>THE CORNWELL QUALITY TOOLS COMPANY,<br><br>           Defendant. | Case No. 5:19-cv-02275-FLA (SPx)<br><br>**JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [DKT. 179]** |

Before the court is Plaintiff Randy Salinas' ("Plaintiff") Motion for Final Approval of Class Action and PAGA Settlement ("Motion").  Dkt. 179.  Plaintiff and The Cornwell Quality Tools Company ("Defendant" or "Cornwell") have entered into a Class Action Settlement Agreement (Dkt. 175-2, Ex. 1) ("Settlement Agreement") after settlement negotiations assisted by an experienced mediator.

Previously, the court preliminarily approved the Settlement Agreement as fair, reasonable, and adequate under Fed. R. Civ. P. ("Rule") 23(e) ("Preliminary Approval Order").  Dkt. 177. The court also found the amount allocated to the representative Private Attorneys General Act (Cal. Labor Code § 2699 *et seq.*) ("PAGA") claim to be fair and reasonable.  Dkt. 177.

Plaintiff now requests final approval of the Settlement Agreement under Rule 23(e) and approval of the settlement of the PAGA claim.  *See* Mot.  Having considered the Motion and accompanying materials, and counsels' argument at the final fairness hearing held on August 9, 2024, the court finds that the Settlement Agreement is fair, reasonable, and adequate in all respects.  Accordingly, the court hereby ORDERS and ADJUDGES as follows:

**A.    Jurisdiction and Preliminary Findings**

1.    <u>Jurisdiction</u>.  The court has jurisdiction over the Parties and their claims.

2.    <u>Preliminary Findings and Notice to the Class</u>.  The court conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and found that the settlement falls within the range of reasonableness meriting possible final approval. Dkt. 177.  The court then approved and ordered the dissemination of the notice to class members. *Id*.  The court also approved the appointment of CPT Group as Settlement Administrator.

3.    The court has reviewed, along with all other materials, the Declaration of CPT Group (via Jeremy Talavera) and finds the notices were disseminated to Class Members in compliance with the court's Preliminary Approval Order and that

it provided the best notice to class members practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23, and complied with all other applicable laws.

4.   <u>Responses by Class Members</u>.  No class members have disputed their settlement shares, opted-out of the settlement, or objected to the settlement.

5.   <u>The Court Approves Finally the Settlement</u>.  The court finds the requirements of Rule 23(e) and other laws and rules applicable to final settlement approval of class actions have been fully satisfied, and approves the Settlement Agreement as fair, reasonable, adequate, and in the best interests of the class and its members.  *See* Fed. R. Civ. P. 23(e); *Briseno v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021).  The class was adequately represented by experienced, competent class counsel, who devoted significant time and attention to this case.  Plaintiff also devoted substantial time to seeing this case through as a class representative.  The settlement was reached only after two full-day mediations with experienced mediators and was negotiated at arm's length at a late, post-certification stage of the case.  Plaintiff also obtained a fair percentage of the total potential liability at issue in this case and avoided risks inherent with trial and potential appeals.  Also, the court finds the Settlement Agreement and its allocation of $100,000 to the PAGA claims (75% of which will be paid to the California Labor & Workforce Development Agency ("LWDA") per statutory requirements) is sufficient.  The court, therefore, APPROVES the Settlement Agreement and release of all PAGA claims.

6.   The court further finds that the requested payment to the Settlement Administrator, Rust Consulting, and their stated expenses of $10,000, are reasonable, and shall be paid consistent with the Settlement Agreement.  *See* CPT Decl. ¶ 17.

7.     The Parties and the Settlement Administrator are DIRECTED to implement and carry out the Settlement Agreement in accordance with the terms and provisions thereof.

8.     The releases set forth in the Settlement Agreement and PAGA Settlement Agreement will become binding and effective upon entry of this Judgment and Order.

9.     There being no just reason for delay, the court, in the interests of justice, expressly directs the Clerk of the Court to enter this Judgment and Order, and hereby decrees that, upon entry, it be deemed a final judgment.


IT IS SO ORDERED.


Dated: September 23, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge